UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JACQUELINE EZELL and XAVIER EZELL,

                Plaintiffs

     -against-                                     COMPLAINT

OCWEN LOAN SERVICING, LLC,

                Defendant
----------------------------------------------------------------x

## I. PRELIMINARY STATEMENT

1.     Plaintiffs, JACQUELINE EZELL and XAVIER EZELL bring this action for the illegal practices of the above-named Defendant who, *inter alia*, used illegal practices in conjunction with auto-dialed telephone calls placed to the Plaintiffs.

## II. PARTIES

2.     The Plaintiffs are each a natural person.

3.     At all times relevant to this Complaint, the Plaintiffs were each a citizen of, and resided in Queens County, New York.

4. The Defendant Ocwen Loan Servicing, LLC (OLS) is a Delaware corporation which is registered as a Foreign Limited Liability Company with the New York Secretary of State, Division of Corporations.

5. According to Bloomberg, OLS offers and services residential mortgage loans. Its loan servicing includes customer service, collections, investor accounting, escrow, loss mitigation, foreclosure and property disposition. OLS services mortgage backed securitized and unsecuritized loans and securities. OLS operates as a subsidiary of Ocwen Financial Corporation.

6. The Defendant OLS is one of the largest non-bank mortgage services in the United States, servicing mortgage loans in all 50 states including the State of New York.

7. Directly as well as through its subsidiaries, contractors and agents, the Defendant OLS employs hundreds of persons at numerous "call centers" which are located throughout the United States.

8. The "call centers" utilize automatic telephone dialing systems and computerized account information to track, record, and maintain the numerous debts collected by the Defendant OLS.

9. A majority of the Defendant's business operations are devoted to servicing consumer loans which are in default or foreclosure or which have been charged off by the original lender.

10. The regular business procedures invoked by the Defendant OLS includes initiating repeated telephone calls to persons who are obligated to pay mortgage loans.

11. The Defendant OLS maintains a principle place of business located in West Palm Beach, Florida.

12. At all times relevant herein Plaintiffs were each a "person" as that term is defined by the TCPA, 47 U.S.C. § 153(32).

13. Upon information and belief the Defendant OLS owned, operated and controlled "customer premises equipment" as that term is defined by the TCPA, 47 U.S.C. § 153(14). This described equipment originated, routed and terminated telecommunications to the Plaintiffs' cellular telephones.

14. The Defendant OLS engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C. § 153(22).

15. The Defendant OLS engaged in "telecommunications" as that term is defined in the TCPA, 47 U.S.C. § 153(43).

16. The Defendant OLS used and operated "wire communications" as that term is defined in the TCPA, 47 U.S.C. § 153(42). Said wire communications existed as instrumentalities of interstate and intrastate commerce.

17. The Defendant OLS used and operated "automatic telephone dialing systems" ("ATDS") as that term is defined in the TCPA, 47 U.S.C. §227(a)(1) and 47 C.F.R. 64.100(f)(1).

18. The Defendant OLS uses ATDS equipment and software that has the capacity to store or produce telephone numbers to be called and which includes auto-dialers and predictive dialers.

### III.  JURISDICTION & VENUE

19. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1332.

20. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiffs occurred within this federal judicial district, and because the Defendant OLS is subject to personal jurisdiction in the State of New York at the time this action was commenced. Plaintiffs also invoke the supplemental jurisdiction of this court for the Plaintiffs' New York state law claim pursuant to 28 U.S.C. § 1367.

## IV.  FACTS CONCERNING THE PLAINTIFFS

21. In the year 2006, the Plaintiffs obtained a residential mortgage from an entity doing business as WMC Mortgage Corp.

22. The Plaintiffs mortgaged is serviced by the Defendant OLS.

23. During the past several years, the Plaintiffs have been barraged with auto-dialed calls from the Defendant OLS which are placed to the Plaintiffs' cellular telephones.

24. When the Plaintiffs answer their telephones, they are met with a pre-recorded message which advised him that the calls would be monitored and recorded for training purposes and to hold on to speak to a representative.

25. At those times when either Plaintiff was connected to an OLS employee, the OLS employee would ask the Plaintiffs with whom she was speaking with why the mortgage payment was late. In response thereto, the Plaintiffs advised that the payments were late due to financial issues.

26. Although the Plaintiffs assured the Defendant's employees that a mortgage payment would be made in short order each time they spoke with the Defendant's employees, the

Plaintiffs were constantly harassed by the Defendant's employees to authorize bank payments prior to the time the Plaintiffs had money to pay their mortgage.

27. The Plaintiffs were always explaining to the Defendant's employees why they could not make a payment and would advise that they would pay the late fee charged pursuant to their mortgage.

28. Despite always advising the Plaintiffs that they would note their account accordingly, auto-dialed calls continued from the Defendant and the Plaintiffs were otherwise required to constantly advise the Defendant's employees of their same factual story.

29. The calls from the Defendant caused the Plaintiffs to suffer stress, frustration and anxiety.

30. In December of 2011, the Plaintiffs each advised the Defendant's employees to stop calling them.

31. Despite the Plaintiffs' directives to stop calling, the auto-dialed calls continued.

32. At all times relevant herein the Defendant's employees were acting within the scope of their employment for the Defendant OLS.

33. In the attempt to stop the autodialed calls, the Plaintiffs placed "blocks" upon calls from specific telephone numbers used by the Defendant OLS.

34. These call blocks alone placed the Defendant OLS on notice that any consent to be contacted in the Plaintiffs' cellular telephones was withdrawn.

35. However, the Defendant OLS would simply call from another telephone number in order to overcome the call blocks placed by the Plaintiffs.

36. As a result of the foregoing the Plaintiffs have suffered anxiety, fear, worry, frustration and interference with their right to privacy.

## V.  FIRST CAUSE OF ACTION

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

37. The Plaintiffs repeat and reiterate the allegations set forth in the previous paragraphs as if same are stated at length herein.

38. The Defendant OLS unlawfully violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) by placing auto-dialed telephone calls to the Plaintiffs' cellular telephones using an automated telephone dialing system without the consent of the Plaintiffs to place such autodialed telephone calls.

39. The acts of placing the numerous telephone calls caused the Plaintiffs to suffer damages due to the harassing and annoying nature of receiving multiple unwarranted and unjustified telephone calls.

40. As a result of the multiple telephone calls which constitute multiple violations of the TCPA, the Defendant OLS is liable to each Plaintiff for actual damages and statutory damages.

41. Plaintiffs received multiple and numerous telephone calls from an automatic telephone dialing system entitling each Plaintiff to $1,500.00 for each TCPA violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(C) as the calls placed by the Defendant OLS were intentional with knowledge that the Plaintiffs did not consent to receiving said telephone calls.

## VI. SECOND CAUSE OF ACTION

## PRIVATE NUISANCE

42. The Plaintiffs repeat and reiterate the allegations set forth in the previous paragraphs as if same are stated at length herein.

43. At all times relevant herein the Plaintiffs had a legal right to the enjoyable use of their home and to be free from any annoyance, harm and inconvenience in regard thereto.

44. The telephone calls placed by the Defendant OLS to the Plaintiffs' telephones each and all constituted a substantial interference with the Plaintiffs' use and enjoyment of their home.

45. The telephone calls placed by the Defendant OLS to the Plaintiffs were placed intentionally by the Defendant OLS.

46. The telephone calls placed by the Defendant OLS to the Plaintiffs were each unreasonable in character.

47. The Defendant's telephone calls interfered with the Plaintiffs' right to enjoy their home premises.

48. The entire interference with Plaintiffs' right to use and enjoyment of their home was caused by the Defendant's conduct in placing the barrage of telephone calls to the Plaintiffs.

## **VII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of the Plaintiffs as set forth below:

(i) Statutory damages in the amount of $1,500.00 per call, placed after the Plaintiffs

    withdrew their consent to being called on their cellular telephones, pursuant to 47 U.S.C. § 227(b)(3)(C);

(ii)     Actual damages in an amount to be determined at the time of trial in an amount not less than $250,000.00 (two hundred fifty thousand dollars);

(iii)    For such other and further relief as may be just and proper.

## VIII. JURY DEMAND

Plaintiffs hereby demand that this case be tried before a Jury.

DATED:     New York, New York
                   January 19, 2018

                                   ROBERT L. ARLEO, ESQ. P.C.

                                   */ s / Robert L. Arleo*
                                   BY: ROBERT L. ARLEO
                                   380 Lexington Avenue, 17th Fl.
                                   New York, New York   10168
                                   Phone: (212) 551-1115
                                   Email: robertarleo@gmail.com
                                   *Attorney for the Plaintiffs*