

HUNTON ANDREWS KURTH LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL   212 • 309 • 1000
FAX   212 • 309 • 1100

RYAN A. BECKER
DIRECT DIAL: 212 • 309 • 1055
EMAIL: rbecker@HuntonAK.com

April 9, 2018

FILE NO: 53269.001048

**Via ECF**

Senior Judge Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Ezell v. Ocwen Loan Servicing, LLC, No. 1:18-cv-00949 (E.D.N.Y.)

Your Honor:

Hunton Andrews Kurth LLP represents Defendant Ocwen Loan Servicing, LLC ("Ocwen") in the matter in caption. I write regarding Your Honor's March 28, 2018 order granting Ocwen's March 20, 2018 letter application (ECF 9) for a pre-motion conference and setting the conference for May 2, 2018.

Ocwen's March 20 letter addressed Plaintiffs' claims in their initial complaint for violations of the Telephone Consumer Protection Act ("TCPA") and private nuisance. On March 25, 2018, Plaintiffs filed an amended complaint, in which they now assert only TCPA violations. (FAC [ECF 10] ¶¶ 50-54.) The issues raised in Ocwen's March 20 letter concerning Plaintiffs' private-nuisance claim, therefore, are no longer relevant to the pre-motion conference.

It is still the case, however, that Plaintiffs' TCPA claim should be dismissed for failure to plead facts sufficient to state a claim.

To state a claim for a TCPA violation, Plaintiffs must allege facts showing they were called by Ocwen using an automated telephone dialing system ("ATDS"), which is defined in the statute as a device having the "capacity -- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In ACA Int'l v. FCC, 2018 WL 1352922 (D.C. Cir. Mar. 16, 2018), the Court of Appeals for the D.C. Circuit held that under this statutory definition, the TCPA



Senior Judge Frederic Block
April 9, 2018
Page 2

applies only to calls made with a device that can generate random or sequential numbers and dial them.  The court thus rejected the FCC's interpretation of the statutory definition of ATDS, which had encompassed not just devices with the capacity to generate random or sequential numbers, but also "predictive dialers," which can autodial from a list of phone numbers but may not be able to generate and dial random or sequential numbers.  Id. at *12 (holding that the FCC's interpretation "fail[ed] to satisfy the requirement of reasoned decisionmaking").  Plaintiffs cannot, therefore, rely on their allegation (at ¶ 23) that Ocwen's dialing system is a "predictive dialer" to state a claim that Ocwen violated the TCPA, because a "predictive dialer" is not itself an ATDS under ACA.  Marshall v. CBE Grp., Inc., 2018 WL 1567852, at *7 (D. Nev. Mar. 30, 2018) (holding that in light of ACA, "Plaintiff cannot rely on the FCC's definition of an ATDS to the extent it includes systems that cannot be programmed to dial random or sequential numbers . . . .").

Plaintiffs must instead plead non-conclusory facts showing that Ocwen's dialing system satisfies each requirement of the statutory definition of an ATDS.  They have failed to do so.  They allege no facts at all to support an inference that Ocwen's dialing system has the capacity to generate and dial random or sequential telephone numbers.  The only mention of a random or sequential number generator in the Amended Complaint (at ¶ 23) simply recites the statutory definition of an ATDS and asserts that Ocwen used a device to call them that satisfied that definition.  But "[t]hreadbare recitals of the elements of a cause of action" are not sufficient to state a claim.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) ("[A] formulaic recitation of a cause of action's elements will not do.").  Plaintiffs' failure to allege facts showing that Ocwen used a device that can generate and dial random or sequential numbers thus requires dismissal of their TCPA claims.  E.g., Maleh v. United Collection Bureau, Inc., 287 F. Supp. 3d 265 (E.D.N.Y. 2018) (dismissing claim when allegation simply "regurgitate[d]" the statutory definition "without pleading any facts from which the Court could ascertain or even infer" the basis for the allegation); Sanchez v. Hunt's Point Triangle, Inc., 2018 WL 1137065, at *3 (S.D.N.Y. Mar. 1, 2018) (holding "conclusory allegations and recitals of the elements of the statutory claims" were insufficient to state a claim).

The allegations Plaintiffs do make -- repeated calls to their cell phones – is inconsistent with their allegation that an ATDS dialed them, for if these calls were dialed randomly or sequentially, the likelihood of their receiving the number of calls suggested in the Amended Complaint is impossibly small.  It is far more likely that Plaintiffs received these calls because they have accounts with Ocwen, and Ocwen intended to communicate with them about their accounts -- not that they were called randomly or sequentially.  Plaintiffs therefore do not state a claim that they were called using an ATDS.  Iqbal, 556 U.S. at 681 (allegations do not satisfy plausibility requirement given existence of "more likely



Senior Judge Frederic Block
April 9, 2018
Page 3

explanations" for facts alleged); Twombly, 550 U.S. at 555 (requiring plaintiff to plead facts sufficient to "raise a right to relief above the speculative level").

      Plaintiffs are not excused from the pleading requirements under Twombly and Iqbal because they make their allegations "[u]pon information and belief," for they must still plead facts providing that "information" and supporting that "belief." E.g., McKenna v. DiNapoli, 2017 WL 6459456, at *4 (E.D.N.Y. Dec. 15, 2017) ("This pleading is insufficient as no basis for Plaintiff's information and belief is set forth"); Williams v. Calderoni, 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012) (allegations made "on information and belief" "are not statements of fact; they are conclusory" when no "information" is pleaded "that will render these statements any more than a speculative claim"), aff'd sub nom. Williams v. Schwartz, 529 F. App'x 89 (2d Cir. 2013). Moreover, a pleading on "information and belief" has no weight at all when the allegations thus made are inconsistent with the facts stated in the pleading. JBCHoldings NY, LLC v. Pakter, 931 F. Supp. 2d 514, 527 (S.D.N.Y. 2013) (implausibility of unsupported allegations on information and belief "is reinforced by [those allegations'] internal inconsistency"). Plaintiffs allege no facts to support their professed belief that Ocwen's dialing system has the capacity to generate and dial random or sequential telephone numbers, and so have not alleged sufficiently that Ocwen used an ATDS.

      For the reasons described above, Plaintiffs' amended complaint should be dismissed.

Respectfully submitted,

*/s/ Ryan A. Becker*

Ryan A. Becker
HUNTON ANDREWS KURTH LLP
200 Park Avenue
52nd Floor
New York, New York 10166

Counsel for Defendant Ocwen Loan Servicing, LLC

cc:    All counsel of record (via ECF)